[No. 749.   Decided October 17, 1892.]

THE STATE OF WASHINGTON, *on the relation of N. H. Bloomfield*, v. ALLEN WEIR, *Secretary of State for the State of Washington.*

ELECTIONS — SUPERIOR JUDGES FOR A GROUP OF COUNTIES — HOW NOMINATED.

Where the nominee of a political party for the office of superior judge is to be voted for by the electors of two or more counties, each county cannot act separately in making such nomination, but the nomination can only be made by the joint action, or opportunity to act, of all the electors belonging to such party in all of said counties.

*Original Application for Mandamus.*

*Judson Applegate,* for relator.

*Crowley & Sullivan,* and *Charles H. Ayer,* for respondent.

The opinion of the court was delivered by

HOYT, J.—This was a proceeding by which petitioner sought to compel the secretary of state to certify to the proper officers his name as the regular nominee of the republican party for the office of superior judge for the counties of Clarke, Cowlitz and Skamania. The respondent raises some questions as to the power of this court to control his action in cases of this kind, but the conclusion to which we have come on the merits of the controversy makes it unnecessary for us to determine these questions.

From the petition and the papers filed in the office of the respondent, which were offered in evidence before us, it appears that petitioner founds his right to be declared such nominee solely upon the separate action of two of the counties for which such officer is to be elected. And the only question presented to us for consideration is as to whether or not each county could act separately in making such nomination, and such action have force. For while it is true that in one of the certificates filed with the respondent there seems to be some kind of a claim made founded upon the joint action of two of the counties as a majority of the three entitled to a voice in the nomination, yet the facts in regard to such claim clearly show that at such meeting there was no joint action, or opportunity for joint action, on the part of all of the said counties. For this reason we do not think that the claim founded upon such proceeding in any way supplements or adds to the claim made as founded upon the separate action of each of said two counties. It is conceded by petitioner that where

the whole state, or a group of several counties of the state, is called upon to elect an officer for such state, or for such group of counties, that the statute contemplates that the nomination of candidates of each of the several political parties for such an office should be by the representatives of such parties for the entire state or group. But his contention is that, since under our constitution each of the several counties of the state constitutes a separate superior court, the judge to be elected by the electors of a group of counties occupies a different relation to each of said counties than would an officer who when chosen would represent said group of counties jointly. In other words, he claims that since after election the judge may be said not to be the judge of the three counties jointly, but the judge of each of the three counties separately, such is the relation of the candidate for such office in said three counties to each of them that the right of each to present a candidate for said office must be recognized. We are unable to agree with this contention, for while it is true that after election the judge may not have any relation whatever to all of such counties jointly, yet for the purposes of election he must be held to have such relation. That he has such relation to all these counties at the election is conceded by petitioner, and such concession it seems to us is decisive of this case, for all the legislation upon the subject is to the effect that the same electors who are to participate in the election are also to participate in the nomination, and if the result of the election is to be determined by the joint vote of all the counties, then the nominations, so far as they purport to represent any particular political organization, must be by the members of such political organization for all of said counties acting jointly. This is so clear from the whole scope of the legislation upon the subject that it seems hardly necessary to cite the particular parts of such legislation which bear directly upon this question.

We would, however, say that the only thing in the law which would seem to at all warrant a different conclusion is the statement contained in § 364, Gen. Stat., that any convention, primary meeting or primary election may make nominations for public offices. But any construction of this section which would aid such conclusion would negative the admission made on the part of petitioner that a state officer could only be nominated by representatives of the party from the whole state acting together. Such admission, as well as the plain intent of said section, when examined in the light of all the other sections upon the subject, makes it perfectly clear that the primary meeting or convention must be by or on behalf of the entire body of voters of the respective party who are to be allowed to vote at the election of the officers therein nominated. Any other construction of the language of this section would allow the representatives of a party for any precinct, city or county to separately nominate candidates for any or all of the state offices. But this construction would not only be a ridiculous one in view of all the legislation upon this subject, but would, as we have seen before, be in direct opposition to the concession of the petitioner in that regard. This section, then, cannot aid the contention of the petitioner, and from a careful examination of all the law upon the subject we are unable to find any other section or provision in such law that by the most strained construction can give even a semblance of authority for such contention.

On the other hand there are numerous provisions running all through the law which are clearly opposed thereto. We will instance only one or two. Sec. 368 provides that no certificate of nomination shall contain the name of more than one candidate for each office to be filled. It is true that this applies particularly to the certificate to be filed by the officers of the primaries or conventions of the re-

spective parties, and not to the certificate of an officer to be founded thereon. Yet it clearly shows that the legislation contemplated that each political party should put forward the name of but one person for each office to be filled. If this were not clear from this section, and the sections which provide as to the duties of the officer with whom such certificates are filed, it is established beyond question by some of the provisions of § 385, one of which is that the elector may, in indicating the persons for whom he desires to vote, make his check against the political designation of an entire group, and such designation will under the provisions of the law have the same force as though he had placed his check separately opposite each of the names in said political group. This clearly contemplates that on the official ballots there shall only be printed as the candidate of a single party, one name for each officer to be elected, and that upon such ballot the candidates of each of the political parties shall be grouped together.

Now if the contention of the petitioner is sustained it will follow that there might in the case at bar be printed upon the official ballots as candidates of the republican party the names of three persons for the office of superior judge where only one officer is to be elected. Taking a ballot thus prepared, and following the law by making a check opposite ''Republican Ticket'' printed at the head, would in no manner indicate for which of such candidates the ballot was cast, and the result would be that it could be counted for neither. This fact alone would, in our opinion, conclusively negative the contention of the petitioner. And the force of this provision is in no manner negatived by the qualification contained in said section that a voter so marking his ballot shall be deemed to have voted only for the persons in such group whose names shall not have been erased. This provision of the statute which authorizes him to modify the effect of his cross opposite the

political designation at the head of the group by erasing
names from such group, is solely for the purpose of allow-
ing a voter to exercise his free choice not only as to what
party candidates he will, as a whole, support, but also to
allow him to make individual exceptions of persons among
the candidates of such political party for whom he does not
desire to vote.     It in no way makes it the duty of such
voter to examine such ticket to see whether or not more
than one name appears thereon for each officer to be chosen.
The law gives him the right to assume that if he wishes to
vote for all the candidates of the republican party all he
has to do is to make his check mark opposite the words
''Republican Ticket,'' at the head of its group of candidates,
and that if he desires to vote for the democratic, people's,
prohibition, or other party he has only to make his check
opposite the words which designate such party printed at
the head of the respective groups of candidates.     This pro-
vision was in the interest of comparatively illiterate elect-
ors, and was intended to relieve them from the responsi-
bility of any critical examination, or any examination at
all, of the groups of the candidates of the respective parties
so long as they were willing to accept the action of the
political party to which they belonged in making their
nominations as a sufficient guide for them in casting their
ballots.

It is not necessary for us to further discuss the statutes
in this regard.     The ballots for all of the counties of
Clarke, Cowlitz and Skamania are required to contain the
name of the nominee of each of the parties for the office of
superior judge, and only one officer can be elected for such
three counties.     It follows from what we have said above
that in each political group there can be printed upon the
official ballot the name of only one nominee for such office.
If only one name could appear in the group headed ''Re-
publican Ticket,'' it follows that in all of the three counties

there could be but one person nominated for such office by the republican party. And since each member of such party in all of said counties is equally interested in the nomination of any such person, it follows that such nomination could only be made by the joint action, or opportunity to act, of all the electors belonging to such party in all of said counties. The record in this case affirmatively shows that the petitioner has not been nominated by the joint action of the electors belonging to the republican party in all of said counties. He, therefore, is not the nominee of the republican party for said office within the meaning of the legislation upon that subject.

The prayer for the writ of mandamus must be denied.

ANDERS, C. J., and DUNBAR, STILES and SCOTT, JJ., concur.