Argued October 11, affirmed October 23, 1928.

STATE EX REL. VAN WINKLE, ATTORNEY GENERAL, ET AL., v. U. G. BOYER, COUNTY CLERK, ET AL.

(271 Pac. 46.)

92

For appellants there was a brief and oral arguments by *Mr. Martin L. Pipes, Mr. Charles J. Zerzan* and *Mr. John Bayne.*

For respondents there was a brief and oral arguments by *Mr. I. H. Van Winkle,* Attorney General, and *Mr. Wm. P. Lord.*

COSHOW, J. It is very earnestly and persuasively urged by the able counsel for defendants and interveners that the nominees of the convention for President and Vice-President and for presidential electors are indispensable parties to the case. This presents a very interesting question. No authority directly supporting the argument of defendants and interveners is cited. The court is of the opinion that while the candidates may be proper parties they are not indispensable parties. This is not an election contest. There are no rival candidates of the Progressive party involved. The sole question presented is the legality of the nominations made by said convention. The nominees might possibly profit by having the word "Progressive" printed on the ballots after their names but they are not interested in the sense that the issues presented by the pleadings

in the instant case cannot be fully determined without their presence. The nominees of the convention are the regular nominees of the Democratic party. Presumedly all the nominees are registered members of that party. For that reason they could not under the laws of Oregon become active candidates of the Progressive party for the nomination. In order for any person to become the official candidate of a party at a primary election he must be a registered member of that party: Or. L., §§ 3944, 3969. For that reason the Democratic nominees do not have such an interest in the nomination tendered them by said convention as to make them indispensable parties to this proceeding. Having been nominated by the Democratic party at the regular primary election the candidates could accept the nomination of all other parties which might tender the nomination to them: Or. L., § 3925. "No person who is not an elector shall be qualified to join in nominating any candidate. No elector shall be qualified to join in a certificate of nomination made by individual electors in nominating more than one person for each office to be filled." Or. L., § 3924. The intent and purpose of the instant proceeding is to preserve the integrity of the official ballot by eliminating the word "Progressive," which would indicate that the candidates had received the valid nomination of the Progressive party notwithstanding a lawful convention was not held. The candidates nominated had nothing to do with the calling of the convention or its conduct. They, being members of the Democratic party and having participated in the Democratic primaries, could not lawfully participate in the convention of another party. For these reasons we think the nominees have no such interest in the in-

stant suit as to make them indispensable parties. It is not necessary for us to determine in the proceeding at bar whether or not the Progressive party is alive. We do not believe that question is properly here. For that reason we decline to express any opinion about the status of the Progressive party organized in 1924.

The pending proceeding was not intended to and cannot deprive any citizen of the state from voting for the Democratic nominees who were indorsed by the convention held by the Progressives. The sole object of the proceeding is to prevent the unlawful use of the word "Progressive" on the official ticket. The nominees therefore are not indispensable parties to the suit. There were two cases decided by the Montana Supreme Court that are very similar to the case at bar. In neither of those cases were the nominees parties. From the reports of those cases it does not appear that this precise question was raised. Inasmuch as the proceedings were not intended to interfere, except possibly incidentally, with the votes for the candidates at the general election, they cannot have such an interest in the instant case as to make them indispensable parties: State v. Tooker, 18 Mont. 540 (46 Pac. 530, 34 L. R. A. 315); State v. Johnson, 18 Mont. 548 (46 Pac. 533, 34 L. R. A. 313); State v. Superior Court of Kitsap County, 70 Wash. 662 (127 Pac. 310).

We are of the opinion that the convention held by 22 persons in Portland, Oregon, September 7, 1928, was not a convention within the meaning of that term as used in Section 3920, Or. L. All the parties to the instant proceeding agree that interveners claim the nominations to have been made at a party convention as defined by the last section of

Or. L. above cited. The certificate of the president and secretary of that convention is regular on its face and entitled the nominees to the benefit of the word "Progressive." The office of the Secretary of State functioned legally in certifying the nominees of the Democratic party to the various county clerks as nominees of the Progressive party. There was nothing in the certificate of the presiding officer and the secretary of that convention to justify the Secretary of State in refusing to so certify the nominees named therein. But it is alleged in the complaint, and that allegation is supported by the testimony, that the convention was not a legal convention of the Progressive party. The testimony of the president, Mr. Coulter, is that he was a registered Democrat. The testimony of Mr. Kellaher is that he was a registered Republican and participated in the Republican primaries. The party affiliations of the other members of that convention are not revealed. It is clear under our Primary Laws that no one is qualified to participate in a Progressive party convention for the purpose of nominating candidates, except registered Progressives. The purpose of the law regulating party primaries is to limit electors at primary elections or conventions to the party in which they are registered. In this connection we reiterate that all the parties to the instant case insist that the convention held by the Progressives was a party convention. An assemblage of electors numbering not less than 100 may convene and nominate candidates. Such assemblage may be made up of all parties but the nominees of such an assemblage would not be entitled to any particular party designation, except such as that assemblage might give it. The name that such an assemblage might give its nomi-

nees could not be that of any organized party. It is not claimed that there were any more than 22 electors at that convention under investigation. We do not stress the number of attendants at the convention held September 7, 1928, as being of itself important. It is contended, and the evidence supports the contention, that no general notice or call for delegates was given. The only notice in the record reads as follows:

"Portland, Oregon.
"Aug. 25, 1928.
" . . . . . . . . . . . . . . . . . . . . . .
" . . . . . . . . . . . . . . . . . . . . . . .

"Dear Sir:

"You are hereby notified that a State Convention of the Progressive Party will be held on the 7th of September, 1928, in the Central Library of Portland. Kindly see that your district is represented at this convention. Nominations for president and for vice-president, and for certain state officers will be in order at the convention.

"Yours truly,
"PROGRESSIVE PARTY STATE CENTRAL COMMITTEE.
" . . . . . . . . . . . . . . . . . . . . . . ,
"Chairman.
" . . . . . . . . . . . . . . . . . . . . . . ,
"Secretary."

It is not claimed that this notice was sent to every individual elector who voted the Progressive ticket either in 1924 or 1926. It is not claimed that the notice was published as an official call for a convention. It was published in Portland and in Klamath Falls as a news item. It is not claimed by defendants or interveners that delegates were elected authorized by the different counties or precincts in the state to attend the convention as registered electors of the Progressive party. It is our opinion

that no one but a registered member of the Progressive party can lawfully participate in a convention held to nominate candidates of that party. In the instant case the chairman of the convention was a registered Republican. The secretary of the convention was a registered Democrat. They certified the nominees, of the convention to the Secretary of State and verified their certificate with their oath. We do not doubt that they intended to act in good faith. We do not think they intended to commit any fraud but honestly believed they were acting within their rights as advocates of the principles of the Progressive party and as electors of the state, but their conduct is directly in violation of both the letter and spirit of our laws regulating the nomination of party candidates: Gen. L. 1905, p. 8. Reference is to the preamble to the law enacted by the people providing for Direct Primary Nominating Elections Law: Or. L., § 3955. If 22 men can convene and nominate a ticket lawfully as did the interveners and those associated with them on September 7, 1928, another similar group of citizens in another part of the state could hold a similar meeting and nominate other candidates giving them the same party name as given by the electors at the convention held in Portland. Confusion would thus result. The very purpose as expressed in the preamble of the Primary Elections Laws, cited above, would thereby be defeated.

■ It is insisted, however, by the defendants and interveners that the certificate of the convention being regular on its face and having been duly certified and filed by the Secretary of State, the courts could not go behind that certificate to determine whether or not it was regular, unless fraud was pleaded and

proved. Defendants and interveners claim that fraud is not alleged and therefore could not be proved. In the most favorable construction of the complaint defendants and interveners urge mere conclusions are stated in the complaint and no facts constituting fraud are therein alleged. But we think that the complaint clearly states facts constituting fraud. This language is found in paragraph 10 of the complaint.

"That in truth and in fact the said pretended convention of said Progressive Party of the State of Oregon was not an organized body of duly accredited delegates or representatives of the members of the Progressive Party of the State of Oregon. That no convention of said party had been theretofore or was called by any person or persons authorized by law to represent said Progressive Party of the State of Oregon, and there had been no election of delegates to said pretended convention and the said persons present at said pretended convention were not delegates chosen or elected to said convention or any convention of said party and were without authority to hold any convention of said Progressive Party of the State of Oregon and the proceedings of said pretended convention were in all respects illegal and void."

The evidence discloses that neither the president nor secretary of that convention was a registered member of the Progressive party as we have stated before. Only registered members of that party are authorized to hold a convention and nominate candidates of that party. The evidence further discloses that no effort was made to give general public notice over the entire state so as to enable the entire state to be represented at said convention. This was necessary in order to authorize the convention to nominate candidates for President and Vice-Presi-

dent and presidential electors, for the reason that such candidates must be candidates of the entire state and not some subdivision thereof. After this had been done and the members of the Progressive party throughout the state had general notice that such a convention was called and were given the opportunity to be represented at said convention, the fact that only a comparative few attended and participated in the convention might not invalidate the convention. But unless such an opportunity was given the convention could not lawfully nominate candidates for an office to be elected by the entire state: *State* v. *Weir*, 5 Wash. 82 (31 Pac. 417). A fraud would be wrought on the people of the state and particularly members of the Progressive party by members of other parties meeting and holding a convention in the name of the Progressive party and nominating its candidates for office. Such conduct amounts to constructive fraud although the parties participating may have been acting, and doubtless did act, in this instance in the best of faith, honestly believing they were within the law. Because the convention which convened on September 7, 1928, was not lawfully announced, because sufficient notice inviting the members of the Progressive party either to assemble in person or send delegates from all parts of the state, and because the persons assembled, particularly the president and secretary who made the certificate of the nominees of that convention, were not members of the Progressive party but were members of the Republican and Democratic parties respectively, we hold that the nominations were not lawfully made. Because the conduct of that convention constitutes a constructive fraud, a court of equity has jurisdiction to re-

strain the proper officials from printing the word "Progressive" on the ballot and it is the duty of the court to go behind the certificate upon which the Secretary of State properly acted to determine whether or not the convention was a convention of the Progressive party.

■ The Secretary of State had no authority to go behind the certificate. It was his duty to file the certificate and certify the ballot as he did. The Secretary of State is a ministerial officer and his authority is limited by the *prima facie* evidence afforded by the certificate.

■ A court of equity under proper allegations of fraud is not limited to the appearance and form of the certificate but has power to investigate the facts. The convention not being such a convention within the meaning of that term as used in Or. L., § 3920, the candidates nominated are not entitled to have the word "Progressive" printed on the official ballot after their names. We do not hold that the Progressive party in the State of Oregon does not exist. Decree affirmed.                    AFFIRMED.

RAND, C. J., and ROSSMAN, J., did not participate.